*O. B. Hallam*, for appellee.

---

MITCHELL GRIMES *v.* JNO. KINKEAD.

**Pleading—Amended Petition—Reply.**

A pleading filed by plaintiff, alleging that "the defendant contracted the debt sued for and bought the corn and hay of plaintiff for the price mentioned in the action, and did so with the fraudulent intent and purpose of depriving the plaintiff of his said property, and fraudulently obtained possession thereof and converted them to his own use with the fraudulent intent to cheat the plaintiff out of his property," should be regarded as an amended petition rather than a reply.

**Election of Remedies—Remedies Available.**

The institution of an action upon contract before the filing of petition in bankruptcy by defendant, can not be regarded as an election by the plaintiff as to his remedies, where the other remedy was not at the time open to him.

**Attachment—Bankruptcy Proceedings.**

The filing of a petition in bankruptcy was held not to dissolve an attachment obtained prior to the filing of such petition.

APPEAL FROM NICHOLAS CIRCUIT COURT.

March 24, 1874.

OPINION BY JUDGE PRYOR:

In the month of November, 1870, the appellee, John Kinkead, filed his petition in the Nicholas Circuit Court, in which he alleges that he sold and delivered to the defendant, Mitchell Grimes, a number of hogs and a large quantity of corn, for the sum and of the value of $1,200, all of which the latter failed to pay, etc. The

answer admits the purchase of the property, but denies that as much corn was obtained as the plaintiff claims to have delivered.

An attachment was obtained at the time the action was instituted, or in a day or two after, upon the ground of fraud, the affidavit therefore containing nearly all the grounds for an attachment provided by Sec. 221, Civil Code. In May, 1871, a petition in bankruptcy was filed in the district court by the defendant, or his creditors, and a discharge from the payment of his debts obtained in October, 1872. After this discharge had been obtained, the appellant filed an amended answer, in which he relied on this judgment in bankruptcy as a bar to appellee's action. The appellee then filed what the order of court designated an amended petition and reply, in which it is alleged that "the defendant contracted the debt sued for and bought the corn and hay of plaintiff for the price mentioned in the action, and did so with the fraudulent intent and purpose of depriving the plaintiff of his said property, and fraudulently obtained the possession thereof and converted them to his own use with the fraudulent intent to cheat the plaintiff out of his property and not pay him for it."

Whether this amended pleading should be denominated a reply or an amended petition is a question of some difficulty. Under our present system of pleading a reply is only permitted to a set-off or counterclaim; still this amended pleading, if good, contains only matter in avoidance of the defense relied on, and the court below, seeing it in this light, seemed to have regarded it as a reply by refusing to permit the appellant to respond to it, or to file what was termed an amended answer controverting the allegations of fraud. In our opinion it should have been regarded as an amended petition. The reply being filed, the appellee in the court below took the burden of proving the fraud, and the question was submitted to the jury, on proof from both sides as to the truth of the statements in the reply or the amended petition, and a verdict rendered for the appellee for the amount of his debt, notwithstanding the discharge in bankruptcy. This amended pleading, filed in avoidance of the discharge, is authorized by the 33rd section of the bankrupt law which provides that "No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary capacity, shall be discharged under this act, but the debt may be proved and the dividend thereon

shown as a payment on account of said debt." The principal object for the enactment of the 33rd section of the Bankrupt Act was to prevent the debtors from acquiring property upon the faith of his promise to pay, when his intention at the time of the purchase was to convert the proceeds to his own use, and to pay for it in no other way than a discharge in bankruptcy.

The only issue presented upon this branch of the case was as to the frauds which are in this amended pleading, and the jury were told that unless the debt was created by the fraud of the bankrupt, his discharge was a complete bar to the action. Upon this question much testimony was introduced, and although no answer had been filed to the reply or amended petition, the court deeming it unnecessary, the burden of showing the fraud was on the appellee, and the court so instructed the jury. So the same issue was made as if the reply had been called an amended petition, and the allegations controverted. The appellee, as has been often decided, could not have resisted the discharge in bankruptcy in the district court, by alleging and showing fraud with reference to his own debt alone, and his only remedy was to institute his action in the state court, where the fraud could be relied on as avoiding the discharge of this particular debt. It is maintained, however, that as the action had been instituted on the contract for the purpose of recovery by reason of the promise to pay, no amendment could afterwards be filed relying on the fraud; that the appellee, having elected to abide by the contract, could not then sue for a conversion or bring his action to recover the property itself. It is well settled that such an election, with a knowledge of the facts, is a waiver on the part of the seller of goods of his right to sue the purchaser for a conversion, by reason of the illegal sale or the fraud that relates it.

This rule of law does not apply to a case like this. The action was instituted before the appellant had filed his petition in bankruptcy, and the appellee was not required to anticipate such action on the part of the appellant, after the institution of this action, as would avoid the payment of the debt. If he had sued in trover the measure of damages would have been the value of the property, and this was forced by the contract between the parties. His remedy was proper, and he could not have waived a right that did not then exist, as no act of bankruptcy had taken place so as to enable him to avail himself of the provisions of the 33rd section of the bankrupt

law. The provisions of this section authorize the creditor to recover his debt if it was created by fraud, not in the nature of an action of trover and conversion, when the property has been obtained by fraud, but in an action upon the agreement to pay, connected with the fraud practiced by the debtor, by which the creditor was induced to part with his property, relying on the promise of the debtor to pay. The creditor may even file his debt with the commissioner in bankruptcy, receive his dividends, and then sue the debtor for the balance. This can be done by the express language of the act; if so, we cannot well see how an action upon the contract before the petition in bankruptcy is filed is to be regarded as an election, when the creditor, after such proceedings are had, can file his debt in the bankruptcy court, take his dividend, and then institute his action in the state court for the balance.

The appellee had no opportunity of making the question of fraud affecting the discharge of the bankrupt, until an answer was filed relying on the discharge. If the discharge had been obtained before the bringing of the action, it would have been proper to have declared on the debt, alleging the fraudulent manner in which it had been created. The attachment was obtained in November, and the petition in bankruptcy filed in May, and therefore the filing of the petition did not of itself dissolve or discharge the attachment. The evidence in the case authorized the judgment of the court below in refusing the motion for a new trial and sustaining the attachment.

Judgment affirmed.

Judge Lindsay dissenting.

*Kennedy, Cord, for appellant.*

*Phister, Hargis, for appellee.*